FILED



DEC 03 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SOONG JOON YOON, | No. 09-70997 |
| Petitioner, | |
| v. | BIA-1 : A047-052-407 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On petition for review of an Order of the Board of Immigration Appeals

Submitted November 8, 2012[**]
Pasadena, California

Before:  BRIGHT,[***] GRABER, and IKUTA, Circuit Judges.

 Soong Joon Yoon petitions for review of the Board of Immigration Appeals'

("BIA") decision dismissing his appeal and denying his motion to remand.  The

BIA determined that Yoon failed to establish the requisite period of lawful

---

 [*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

 [**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

 [***]  The Honorable Myron H. Bright, Senior Circuit Judge for the Eighth Circuit, sitting by designation.

continuous residency for purposes of a cancellation of removal and § 212(h) waiver under the Immigration and Nationality Act (INA). We deny the petition.

"We review de novo the BIA's determination of questions of law, except to the extent that deference is owed to its interpretation of the governing statutes and regulations." *Garcia v. Holder*, 659 F.3d 1261, 1265-66 (9th Cir. 2011) (internal quotations and citation omitted). To qualify for a cancellation under the INA, Yoon must show he "has resided *in the United States continuously for 7 years* after having been admitted in any status . . . ." 8 U.S.C. § 1229b(a)(2) (emphasis added). Further, Yoon must seek a waiver of inadmissibility under INA § 212(h) to be eligible for a status readjustment because he is deemed inadmissible for having committed a crime of moral turpitude.[9] *Id.* at § 1182(a)(2)(A)(i). Section 212(h) requires that Yoon "reside[] continuously *in the United States for a period of not less than 7 years* immediately preceding the date of initiation of proceedings to remove [him] from the United States." *Id.* at §1182(h)(2) (emphasis added). For both a cancellation and a § 212(h) waiver, the period of lawful continuous residency terminates when the alien is served with a notice to appear. *Id.* at §§ 1229b(d)(1) and 1182(h).

Yoon gained lawful entry into the Commonwealth of the Northern Mariana

---

[9] Yoon was convicted of violating California Penal Code § 273.5(a) for inflicting corporal injury upon his spouse.

Islands (CNMI) on May 15, 1996. However, residence in the CNMI before 2009 was not residence in the United States. *See* Consolidated Natural Resources Act of 2008, Pub. L. No. 110-229, §§ 701-702, 122 Stat. 754 (2008) (codified at 48 U.S.C. § 1806); *Eche v. Holder*, 694 F.3d 1026, 1030 (9th Cir. 2012) (holding that residence in the CNMI before 2009 was not residence in the United States for naturalization purposes). Thus, Yoon's admission into the CNMI on May 15, 1996, did not constitute admission into the United States.

At the earliest, Yoon's admission into Los Angeles, California on May 26, 1999, as a lawful permanent resident constituted admission into the United States, which would start the clock towards satisfying the requirement of seven years of lawful continuous residency. However, the July 30, 2003, notice to appear triggered the "stop-time" rules, thereby preventing him from attaining the seven years of lawful continuous residency required for purposes of cancellation eligibility and a § 212(h) waiver.

**Petition DENIED.**